## Walker's Estate

Seymour M. Heilbron, for appellant.

Clarence L. Walker, for Commonwealth, contra.

KLEIN, J., February 21, 1936. — Samuel S. Walker died on April 25, 1921, and letters of administration were granted on his estate to the Integrity Trust Company on December 1, 1931, by the register of wills of this county. On February 11, 1932, accrued disability compensation in the sum of $1,435.06 was paid to the administrator by the United States Veterans' Administration. The administrator having filed its account of its administration of the decedent's estate, the same was called for audit before Judge Van Dusen, on September 19, 1932, and the balance for distribution therein shown was by adjudication dated September 30, 1932, awarded to Letitia Clark and Mina Walker, next of kin of the decedent, in equal shares. On February 2, 1933, the register of wills assessed inheritance tax at 10 percent on the sum of $1,220.80 (the distributable balance in the estate) with interest, at the rate earned from April 24, 1932. From the assessment of this tax the present appeal was taken on the grounds that the accrued disability compensation, which constitutes the bulk of the decedent's estate, was paid more than 10 years after the death of the decedent, and that said payments were not during his lifetime in any way under his control, i. e., that they had never been reduced to possession in the lifetime of the decedent, and so were entitled to exemption from taxation under the provisions of section 22 of the Act of Congress of June 7, 1924, 43 Stat. at L. 607.

As contended by the learned counsel for the Commonwealth in his very able brief, this case is controlled squarely by the decision of this court in Southard's Estate, 16 D. & C. 751. Title to the fund in question vested in the decedent in his lifetime and stood to his credit in the United States Treasury just as surely as if he had collected it and deposited it in his own name in a savings bank. The fact that for one reason or another the fund was never actually reduced to possession by the decedent in his lifetime does not affect the question of its taxability

in the least. I can see no distinction between the facts in this case and those in Southard's Estate, supra, and must, therefore, dismiss the appeal.

And now, February 21, 1936, the appeal of Seymour M. Heilbron, Esq., attorney-in-fact for Letitia Clark and Mina Walker, from the assessment by the register of wills of a transfer inheritance tax at 10 percent on accrued disability compensation paid to the administrator of the estate of Samuel S. Walker, deceased, by the United States Veterans' Administration, is dismissed, and the record is remitted to the register of wills.